WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paw Pasaw Baw, et al., | No. CV-17-03747-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is the United States of America's Motion for Summary Judgment. (Doc. 27). Plaintiff Paw Pasaw Baw, who is represented by counsel in this matter, has failed to respond to that motion. The Court will summarily grant the Defendant's Motion for Summary Judgment pursuant to Local Rule 7.2.

Local Rule 7.2(i) provides that a party's failure to respond to a motion "may be deemed consent to the ... granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995) (holding that a district court is not required to examine the merits of an unopposed motion before summarily granting it pursuant to a local rule).

The Ninth Circuit has established "a five-part test to determine whether the dismissal sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051,

1057 (9th Cir.1998) (internal quotations omitted); see also *Ferdik*, 963 F.2d at 1260. However, "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir.2007). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 ... are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

**Factor 3—Risk of Prejudice to Defendant**

Defendant, the United States of America, will be prejudiced by Plaintiff's ongoing refusal to respond to their motion for summary judgment, and by Plaintiff's failure to comply with the Local Rules of Civil Procedure. Plaintiffs failure to respond and violation of the Local Rules, if permitted to continue, would only frustrate Defendants' efforts and force Defendants to expend additional time and resources in defending the claims. Plaintiffs have not presented any excuse as to their delay, which also indicates that there is a risk of prejudice to the Defendants. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

In their motion for summary judgment, the United States argues that the administrative record in this case demonstrates that the Plaintiffs violated the underlying statute, and that therefore the disqualification of Plaintiff's from the program was justified (Doc. 27 at 6, 7). These arguments are fairly and timely raised in this action, and they deserve a timely response by Plaintiffs. Because Plaintiffs have failed to respond, there is a significant risk of prejudice to Defendant.

**Factor 5—Availability of Less Drastic Solutions**

While less drastic sanctions may be generally available, they are not appropriate in this context. Plaintiff, who is represented by counsel, and has failed to respond to a timely filed motion for summary judgment. And Plaintiff has failed to request additional time or excuse this failure. As such, a less drastic sanction is not appropriate in this context.

With four factors weighing strongly in favor of dismissal and one factor weighing against, dismissal is appropriate here. *See, e.g., Wystrach v. Ciachurski,* 267 F. App'x 606, 607–08 (9th Cir.2008) (upholding dismissal under Local Rule 7.2(i) where the first three factors all weighed in favor of dismissal); *Yourish*, 191 F.3d at 992 (same).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 27) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 7th day of December, 2018.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge